UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,
    and all others, similarly situated,

    Plaintiff,

v.                                        Case No.: 15-cv-65

ALLIANCE HOSPITALITY MANAGEMENT, LLC,

    Defendant.

---

## DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

### INTRODUCTION

Plaintiff Cory Groshek's First Amended Class Action Complaint, (Dkt. 26), fails to remedy the defects of his original complaint (Dkt. 1).[1] Groshek tries, but fails to plead around the two year limitations period prescribed by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p(1). While Groshek now alleges that he did not discover the purported FCRA violations until October of 2014, (Dkt. 26, ¶¶ 31-32), this makes no difference under the law. The limitations clock starts when Groshek discovered the facts giving rise to his claim. Groshek alleges that he received the forms he claims violate FCRA on August 16, 2012 and on the same day the background check was performed. (*Id* at ¶¶ 25, 27). This date precedes the filing of his complaint by over two years and five months. (Dkt.

---

[1] This Supplemental Brief is filed pursuant to the Court's April 27, 2015 order (Dkt. 28), and is intended to be read in conjunction with Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (Dkt. 14), which is incorporated herein by reference.

1). Groshek's amended complaint is thus time barred under FCRA's two year limitations period.

Groshek's amendments also fail to state a claim that Defendant Alliance Hospitality Management, LLC ("Alliance") willfully violated FCRA. Groshek's amended complaint adds content regarding the history and interpretation of FCRA. But other than alleging that Alliance's form violated FCRA, Groshek alleges no facts about Alliance's conduct to support a finding that if Alliance violated FCRA, it did so willfully. Lastly, Groshek has failed to allege that he sustained any actual injury as a result of the purported FCRA violations and he therefore lacks Article III standing to bring this case.

For these reasons, as well as those previously expressed in Alliance's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint, (Dkt. 14), the Court should dismiss Groshek's amended complaint.

## ARGUMENT

### I. Groshek's amended complaint also pleads himself out of court.

In tacit acknowledgement of the deficiency of his original action, Groshek's amended complaint alleges that he could not have discovered the purported FCRA violations in the forms he received until he learned that a background check had actually taken place. (Dkt. 26, ¶¶ 31-2). But Groshek does not claim that the background check violated the FCRA. Rather, Groshek claims the purported FCRA violations are apparent on the face of the forms he received. *Id.* at ¶¶ 56-62. Consequently, Groshek is deemed to have discovered the purported violation when he received the forms, not when he allegedly learned the background check was performed. *Mack v. Equable Ascent Financial*, 748 F.3d 663, 665 (5th

2

Cir. 2014) (FCRA "limitations period begins to run when a claimant discovers *the facts* that give rise to a claim[.]") (Emphasis added).

Groshek has alleged that he completed the allegedly violative form on August 16, 2012 and that the background check was performed the same day. (Dkt. 26, ¶¶ 25, 27). Thus, on August 16, 2012 Groshek had all the facts he claims are necessary to bring his claim. Because he filed his complaint, (Dkt. 1), more than two years after August 16, 2012, Groshek's claim is time barred. 15 U.S.C. § 1681p.

Groshek alleges the discovery rule saves his claim because he did not discover the purported FCRA violation until October, 2014, and "could not have discovered the violations underlying his claim until he learned that the background checks had taken place[.]" (Dkt. 26, ¶¶ 31-32). The discovery rule, however, does not run from "when a claimant discovers [the] facts constitute a legal violation," because "such a reading would indefinitely extend the limitations period." *Mack* at 665 (citing *Merck & Co., Inc. v. Reynolds,* 559 U.S. 633, 648 (2010). The limitations period "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." *Merck & Co., Inc.,* 559 U.S. at 653. Groshek does not allege any reason why he could not have discovered the purported FCRA violations on August 16, 2012, when he received the documents that purportedly violate the FCRA.

Because Groshek's complaint "sets out all of the elements" necessary to determine his claim is time barred, "dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Information Services Corp.,* 665 F.3d 930, 934-35 (7th Cir. 2012). Groshek's amended complaint, like the original, "pleads himself out of court by alleging facts sufficient to

3

establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). The Court should accordingly dismiss Groshek's untimely complaint, as is required under 15 U.S.C. § 1681p.

### II. Groshek's amended complaint adds legal conclusions and allegations regarding the history of FCRA, but fails to plausibly plead a willful FCRA violation by Alliance.

Groshek's attempt to shore up his sole cause of action—that Alliance willfully violated the FCRA—also fails. Groshek's amended complaint provides some additional allegations restating legal conclusions about its interpretation of FCRA, (Dkt. 26, ¶¶ 11-14), and an enhanced list of allegations regarding the history of FCRA and purportedly relevant legal interpretations of the law.[2] (Dkt. 26, ¶ 66 a – z). Groshek, however, does not allege any additional conduct by Alliance demonstrating that its alleged provision of the purportedly improper FCRA forms was intentional or "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007); *see also* (Dkt. 14, pp. 5-10). Put otherwise, Groshek has alleged no facts from which one could plausibly conclude that Alliance's alleged FCRA violation was willful, as opposed to negligent, or just careless.

Moreover, Groshek's new allegations do nothing to dispel the fact that Alliance's interpretation of FCRA was "not objectively unreasonable," as is required to show willfulness. *Safeco Ins. Co. of Am.*, 551 U.S. at 69; *see also Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-04 (7th Cir. 2010) (affirming dismissal of case absent complaint demonstrating knowing or reckless violation of FCRA). Focusing on the second of the three pages of the

---

[2] Legal conclusions, "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

4

forms he received, Groshek's amended allegations still ignore the third. (*see* Dkt. 14, pp. 11-13). The third page complies with the requirements of FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii), that Groshek receive "a clear and conspicuous disclosure . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." (Dkt. 26-1, p. 3) ("BPJ Management Inc. . . . will order a consumer report and/or investigative consumer report . . . on you in connection with your application for employment[.]"). Because only one page of the forms needs to comply with FCRA to satisfy the rule, Groshek's allegations remain insufficient to plausibly plead a willful violation by Alliance. *See Reardon v. ClosetMaid Corp.*, No. 2:08-CV-01730, 2013 WL 6231606, at *6 (W.D. Pa. Dec. 2, 2013). Because Groshek fails to plausibly plead a willful violation of FCRA by Alliance as required under Fed. R. Civ. P. 8 the Court should dismiss his amended complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Groshek's amended complaint does not allege actual injury, so he lacks Article III standing to bring this case.

Nowhere in Groshek's amended complaint does he allege that he sustained any injury as a result of the purported FCRA violations he attributes to Alliance. (Dkt. 26). There is no FCRA requirement that Groshek allege actual injury to bring his complaint. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006). However, the Constitution's case-or-controversy requirements limit the federal judiciary's authority to hear cases in which no actual injury is alleged by the plaintiff. To satisfy Article III's standing requirements a plaintiff must show:

5

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).

Groshek alleges no harm whatsoever from the purported technical violation in the forms he received, so he does not meet Article III standing requirements to bring this case. *See Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112 (2nd Cir. 2009), *David v. Alphin*, 704 F.3d 327 (4th Cir. 2013) (plaintiffs lacked Article III standing to bring claims because they failed to show injury-in-fact despite alleging ERISA violations).

The Court should not apply the holdings in *Beaudry v. TeleCheck Services, Inc.*, 579 F.3d 702 (6th Cir. 2009) and *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) here. Groshek's complaint is different from the plaintiffs in those cases who both satisfied Article III standing requirements by alleging that the defendants published false and inaccurate information about them, which though difficult to quantify, is nevertheless an individualized harm. *Beaudry* at 708, *Robins* at 410, 413. Here, in contrast, Groshek only alleges to have received a defective form and describes no resulting individualized harm.

Lastly, it should be noted that the Supreme Court recently granted defendant Spokeo, Inc.'s Petition for a Writ of Certiorari on the issue of whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, challenging the constitutionality of the FCRA provisions Groshek's complaint is premised upon. *Spokeo, Inc. v. Robins*, No. 13-1339, 82 USLW 3689, 2015 WL 1879778, at *1 (U.S. Apr. 27, 2015). If the Supreme

6

Court agrees with Spokeo, Inc.'s arguments, it will provide an additional ground to dispose of Groshek's complaint. The Court here need not reach so far, however, to conclude that Groshek's complaint does not meet Article III standing requirements as it does not allege Groshek sustained any harm at all.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Memorandum of Law in Support of Motion to Dismiss the Plaintiffs' Complaint, (Dkt. 14), the Court should dismiss Groshek's amended complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: May 5, 2015.         **HANSEN REYNOLDS DICKINSON CRUEGER LLC**

                 By: __/s/Paul Jacquart__
                      Charles Crueger
                      ccrueger@hrdclaw.com
                      Paul Jacquart
                      pjacquart@hrdclaw.com
                      Andrew Kramer
                      akramer@hrdclaw.com
                      316 N. Milwaukee St., Suite 200
                      Milwaukee, WI 53202
                      Office: 414-455-7676
                      Fax: 414-273-8476

                      *Attorneys for Defendant Alliance Hospitality Management, LLC*