UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CORY GROSHEK,
    and all others, similarly situated,

    Plaintiff,

v.                                                           Case No.:  15-cv-65

ALLIANCE HOSPITALITY MANAGEMENT, LLC,

    Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

---

## BACKGROUND

Since Alliance Hospitality Management, LLC ("Alliance") filed its previous Motion to Stay Discovery, (Dkt. 15), plaintiff Cory Groshek[1] ("Groshek") has served a series of unduly burdensome discovery requests on Alliance, including document requests requiring it to unearth documents from 388 boxes from locations across the country, a third-party deposition scheduled to take place in Colorado, and a FRCP 30(b)(6) deposition scheduled to take place in Wisconsin, despite Alliance's location in Raleigh, North Carolina. (Declaration of Carrie Tweeten, ¶¶ 9 and 10), (Declaration of Paul R. Jacquart, Exs. A-C).[2]

---

[1] Groshek has also now filed two additional putative class action lawsuits alleging nearly identical Fair Credit Reporting Act (FCRA) claims. *See Groshek v. Time Warner Cable, Inc.*, No. 15-CV-157-wed (E.D. Wis., 2015), and *Groshek v. Great Lakes Higher Education Corp.*, No. 15-CV-143-jdp (W.D. Wis., 2015).

[2] On April 16, 2015 Groshek served his First Set of Interrogatories and Requests for Production of Documents on Alliance. (Jacquart Decl., Ex. A.) In these discovery requests, Groshek asks Alliance to

Formerly a larger company, Alliance Hospitality Management is currently a small business engaged in third party management of hotel properties. (Tweeten Decl., ¶ 4.) Alliance was founded in 2003 in Raleigh, North Carolina, its principle place of business for the entirety of its existence. (*Id.*, ¶ 3.) Between 2003 and 2010 Alliance grew to manage 50 hotels across the country. (*Id.*, ¶ 5.) However, since January 2010 Alliance has reduced third party management of hotels from 50 hotels to only 6 hotels. (*Id.*, ¶ 5.) Corporate staff has been reduced from 30 employees to only 7 employees including the husband and wife team of Rolf and Carrie Tweeten who own a controlling interest in the company. (*Id.*, ¶¶ 2 and 6.) Alliance maintains a small 1,500 square foot office. (*Id.*, ¶ 7.) Alliance does not own any of the hotels it manages. (*Id.*, ¶ 4.)

Alliance does not have adequate staff to review all employee files and will be forced to hire a temporary employee for that specific purpose. (*Id.*, ¶ 12.) In addition, the boxes of employee files will not fit into Alliance's current office space and will need to be recalled in shifts. (*Id.*, ¶ 11.) The cost of defending this lawsuit has already been taxing on Alliance and the costs of sending counsel to attend a deposition in Colorado, and to send a corporate representative to Madison, Wisconsin for deposition are significant.[3] (*Id.*, ¶ 14).

---

"identify all job applicants for whom Alliance Hospitality Management requested a consumer report on or after January 30, 2010 including name, address, telephone number(s) and email address." (Id., Int. No. 2) Groshek also asks Alliance to "identify and produce a true and correct copy of the signed disclosure and authorization forms" for all job applicants and employees respectively, "on who Alliance Hospitality Management procured or caused to be procured, a consumer report for the period of January 30, 2010 through the present." (Id., Doc. Requests Nos. 4 and 5.)

[3] The Rule 30(b)(6) deposition of Alliance requires Alliance to produce a witness in Madison, Wisconsin despite the fact that Alliance's principal place of business and all employees are located in Raleigh, North Carolina, defying the general rule "that '(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (*quoting* 8 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2112 (3d ed.)); *see also Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995).

## ARGUMENT

A trial court has broad discretion and inherent power to stay discovery until the resolution of preliminary questions that may dispose of the case. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, No. 07-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008).[4] In addition, the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense …" Fed. R. Civ.P. 26(c)(1). The Court should exercise its discretion and stay Groshek's discovery pending determination of Alliance's Motion to Dismiss because, if granted, it will render the discovery unnecessary. The discovery that has been served is burdensome on Alliance, which is not the company it once was. Because it has downsized, Alliance's discovery obligations are out of proportion with the staff and resources necessary to address them.

## CONCLUSION

For the foregoing reasons, as well as those previously stated, (Dkt. 16), the Court should stay all discovery pending the outcome of Alliance's Motion to Dismiss Groshek's Complaint.

---

[4] Alliance incorporates by reference its previously filed Brief in Support of Motion to Stay Discovery Pending Resolution of its Motion to Dismiss, (Dkt. 16), and will not repeat the arguments set forth therein.

Dated: May 7, 2015.

**HANSEN REYNOLDS DICKINSON CRUEGER LLC**

By:   /s/Paul Jacquart
    Charles Crueger
    ccrueger@hrdclaw.com
    Paul Jacquart
    pjacquart@hrdclaw.com
    Andrew Kramer
    akramer@hrdclaw.com
    316 N. Milwaukee St., Suite 200
    Milwaukee, WI 53202
    Office: 414-455-7676
    Fax: 414-273-8476

*Attorneys for Defendant Alliance Hospitality Management, LLC*